Joshua Cohen, Esquire
Identification No. 330855
Abira Medical Laboratories, LLC
d/b/a Genesis Diagnostics
957 Route 33/ Suite 12/ #322
Hamilton Square, New Jersey 08690
T: (609) 339-7153
jcohen@genesisdx.com
*Counsel for Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics*

**UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| ABIRA MEDICAL LABORATORIES, LLC D/B/A GENESIS DIAGNOSTICS | : : : : | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
|---|---|---|
| *Plaintiffs* | : : | VERIFIED COMPLAINT |
| vs. | : : | CASE NO. |
| COMMUNITY INSURANCE COMPANY D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD; AND THEIR AFFILLIATES, ABC COMPANIES 1-100 AND JOHN DOES 1-100 | : : : : : : : | |
| | : : : | *Jury Trial* |
| *Defendants* | : : | |

**PLAINTIFF'S VERIFIED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics ("Genesis" or "Plaintiff"), who files the following Complaint against Defendants Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield (hereafter, "Community" or "Defendant"), and its affiliates, ABC Companies 1-100 and John Does 1-100 (collectively with Community referred to as "Defendants"). In support thereof, Plaintiff would respectfully show unto the Court

1

as follows:

## Nature of the Case

1.       This is a breach of contract action. Defendant intentionally and unlawfully refused to pay Plaintiff for services rendered. Plaintiff will be seeking actual damages of $915,882.00 for services Plaintiff rendered to Defendant's subscribers over an extended period. Pursuant to applicable law, Plaintiff was, among other things, entitled to have its claims for services rendered to Defendant's subscribers/members processed and paid promptly. Instead, Defendant regularly refused to pay and/or underpaid claims correctly and accurately submitted by Plaintiff or simply failed to respond in any way to numerous claims submitted by the Plaintiff, all in violation of applicable state and federal law.

2.       Indeed, as set forth more fully below, Defendants offered spurious explanations to provide pretextual grounds designed to permit Defendants to avoid paying altogether, or to substantially underpay, legitimate Genesis claims.

3.       Defendants have improperly refused to pay (or underpaid) Genesis for services it rendered to Defendants' subscribers and/or members for numerous pretextual reasons, including purported: (i) lack of adequate claim information provided by Genesis; (ii) untimely filing of claims; (iii) lack of coverage by the subscribers/members for the services provided; and (iv) failure to meet conditions of coverage.

4.       As a result of Defendants' refusal and failure to abide by its obligations, as well as its duties of good faith and fair dealing owed to Genesis, Genesis was compelled to bring this lawsuit for the substantial damages it incurred arising out of the same.

## Jurisdiction and Venue

5.       Subject matter jurisdiction of this action is proper herein by virtue of 28 U.S.C. § 1332 due to complete diversity of the parties, the existence of justiciable dispute between the

parties, the issue(s) involving federal statutes, a dollar amount in excess of that required for federal jurisdiction.

6. Venue is proper in this Court in furtherance of 28 U.S.C. §1132(e) because a substantial part of the events, transactions and/or occurrences giving rise to Plaintiff's claims set forth herein occurred within this judicial district.

7. Moreover, ERISA is unique in having relaxed jurisdictional requirments, as it was designed to remove jurisdictional and procedural obstacles that would hinder effective enforcement[1] ; this is reflected directly in the code:

> i. 29 U.S.C. 1132(e)(2) – "Where an action under this subchapter is brought in a disctrict court of the United States, it may be brought in the district where the plan is administered, <u>where the breach took place</u>….,
> ii. 29 U.S.C.1132(f) "the distrcit courts of the United States shall have jurisdiction, <u>without respect to the amount in controversy or the citizenship of the parties</u>, to grant the relief provided for in subsection (a) of this section in any action."

**Parties**

8. Plaintiff Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics (hereafter "Genesis"), is a limited liability company organized under the laws of the State of New Jersey, at all times relevant hereto, Genesis was located at 900 Town Center Drive, Suite H50, Langhorne, Pennsylvania 19047. At all relevant times, Plaintiff was an out-of-network provider of laboratory services to Defendants' subscribers/members.

9. Defendant Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield provides health insurance coverage and is organized and existing under the laws of Ohio, provides health insurance coverage and/or third-party administration to subscribers/members in the state of Ohio, with its principal place of business located at 4361 Irwin Simpson Road, Mason,

---

[1] Senate Report No. 127, 93rd Congress, 1st Session (1973), in 1974 U.S. Code Cong. & Ad. News 4871.

3

Ohio 45040.

10. Plaintiff is unaware of the true names and capacities of Defendants named herein as ABC Companies 1 through 100, and JOHN DOES 1 through 100, inclusive, and therefore asserts claims against these Defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of such ABC Companies and JOHN DOES when the same have been ascertained. Plaintiff, on information and belief, alleges that each of the fictitiously named Defendants is responsible in some manner for the actions and occurrences herein alleged, and that Plaintiff's damages were proximately caused by their acts. On further information and belief, Plaintiff alleges that at all times herein mentioned, the ABC Companies and JOHN DOE Defendants acted in concert with, and were/was the agent, employee, contractor, partner, servant, employee and/or representative, with the permission and consent of the other Defendants.

## Factual Background

**Defendants Fail to Pay Genesis for Services Rendered During 2016-2021**

11. Att all times material to the events made the subject matter of this lawsuit, the Plaintiff operated a licensed medical testing laoratory business based in Langhorne, Pennsylvania. The Plaintiff performed clinical laboratory, pharamcy, genetics, addiction rehabilitation, and COVID-19 testing services on specimens submitted by medical service providers, on behalf of Defendnats' subscribers/members, for numerous patients locations throughout the State of Virginia ("Laboratory Testing Services").

12. By tendering Laboratory Testing Services to Defendants' subscribers/members, a contract was created between the Plaintiff and Defendants. As Plaintiff has come to learn, Defendants – over a period of six (6) years – disregarded, of their duties, including but not limited

to Defendants' express payment obligations to Plaintiff.

13. Defendants -- over a period of at least six (6) years – disregarded, of their duties, including but not limited to Defendants' express payment obligations to Plaintiff.

14. Over a period of at least six (6) years, Defendant deprived Plaintiff of compensation to which it is rightfully owed for services Plaintiff rendered to Defendants' subscribers/members. Defendants repeatedly either failed to respond at all to properly submitted claims or manufactured from baseless objections to improperly refuse to make payment to the Plaintiff.

15. By way of example only and without limitation, Defendants used the following contrived and meritless reasons for refusing and neglecting to properly process a myriad of Plaintiff's claims for payment: (i) lack of adequate claim information provided by Genesis; (ii) untimely filing of claims; and (iii) lack of coverage by the subscriber/member for the services provided.

16. Defendants' refusal to properly process and pay Genesis for the services it rendered to Defendants' subscribers/members on these bases was entirely groundless, and has deprived Genesis of compensation to which it is rightfully entitled, and constitutes a material breach of Defendants' payment obligations.

**Defendants Breached their Obligation to Reimburse Plaintiff
For Covid-19 Testing Under the FFRCA and CARES Act**

17. Congress took special and extraordinary steps during the pandemic to require health plans and health insurance issuers like Defendants to cover and pay the cost of coronavirus testing as a mechanism to fight the pandemic. As part of these efforts, Congress prohibited health plans and health insurance issues from imposing any prior authorization or other medical management requirements on testing for the diagnosis of COVID-19. *See* FFCRA 6001(a). Defendants' conduct

is the antithesis of what Congress intended for health plans to do to combat COVID.

18. In addition to failing to pay and/or underpaying Plaintiff for a myriad of other of its laboratory services, Defendants have failed to pay/underpaid Plaintiff for COVID-19 diagnostic testing that Plaintiff provided and continues to provide to Defendants' subscribers and/or members. Instead, in blatant violation of the FFRCA and CARES Act, Defendants acted in bad faith by erecting hurdles to payment without justification and/or for immaterial reasons unrelated to the medical necessity of the testing.

19. Aside from its clear and unambiguous obligation to properly pay Plaintiff for, among other of its services (as described above), COVID-19 testing, under the provisions of the FFRCA and CARES Act, Plaintiff had every expectation that Defendants would honor their obligations and properly reimburse Plaintiff for the COVID-19 testing services it provided to Defendants' subscribers and/or members. Plaintiff has been and continues to be harmed by, among other things, Defendants' failure to pay and/or underpayment of valid COVID-19 testing claims that Plaintiff submitted to Defendants for reimbursement for services to Defendants' subscribers/members.

20. From the start of the COVID-19 pandemic, Plaintiff has offered COVID-19 diagnostic testing for the detection of the virus that causes COVID-19. Plaintiff began offering and focusing its resources on COVID-19 testing services as part of its commitment to combatting the COVID-19 pandemic in New Jersey and nationally.

21. Congress has clarified that group health plans and health insurance issuers like Defendants must cover and reimburse COVID-19 testing and related services. Such rules have been laid out not just in the text of the FFCRA and CARES Act, but also in a series of "Frequently Asked Questions" ("FAQs") documents issued and publicly posted by the federal Department of Health and Human Services ("HHS"). Defendants' failure to properly reimburse Genesis for

6

COVID-19 testing services violates these unequivocal reimbursement rules, as explained in detail below.

22. Under Section 6001 of the FFCRA, as amended by Section 3201 of the CARES Act, Defendants must provide benefits for certain COVID-19-related items and services, including COVID-19 testing, furnished beginning March 18, 2020. Defendants "must provide this coverage without imposing any cost-sharing requirements (including deductibles, copayments, and coinsurance), prior authorization, or other medical management requirements." *See* FFCRA, § 6001(a); FAQs About Families First Coronavirus Response Act and Coronavirus Aid, Relief, and Economic Security Act Implementation (hereinafter "FAQs"), Part 44, pp. 1-2 (February 26, 2021).

23. Moreover, the FAQs clarify that plans and issuers are prohibited from imposing specific screening criteria on coverage of COVID-19 diagnostic testing for an asymptomatic person who has no known or suspected exposure to COVID-19. Thus, "[w]hen an individual seeks and receives a COVID-19 diagnostic test from a licensed or authorized health care provider, or when a licensed or authorized health care provider refers an individual for a COVID-19 diagnostic test, plans and issuers generally must assume that the receipt of the test reflects an 'individualized clinical assessment' and the test should be covered without cost sharing, prior authorization, or other medical management requirements." FAQs, Part 44, pp. 2-3.

24. Federal guidance under the FFCRA and CARES Act is also clear that Defendants' obligation extends to a wide array of coverage and testing types. The FFCRA/CARES Act payment rules apply to "group health plans and health insurance issuers offering group or individual health insurance coverage (including grandfathered health plans)." This definition specifically includes "both insured and self-insured group health plans," including "private employment-based group health plans (ERISA plans), non-federal governmental plans...and church plans." *See* FAQs, Part

42, Q1 (April 11, 2020).

25. Defendants' reimbursement obligations also apply to all manner of COVID-19 diagnostic testing, including serological (otherwise known as "antibody") testing, and tests administered at home through self-collection. *See* FAQs, Part 42, Q1 (April 11, 2020); FAQs, Part 43, Q4 (June 23, 2020).

26. In short, there can be no debate that federal law requires Defendants to pay for COVID-19 testing services provided by Plaintiff. Regulators have even warned that plans and issuers shall not attempt to "limit or eliminate other benefits . . . to offset the costs of increasing the generosity of benefits related to the diagnosis and/or treatment of COVID-19." *See* FAQs, Part 42, Q9 (April 11, 2020).

27. Defendants' failure to pay and/or underpayment of COVID-19 testing claims is both a clear violation of those obligations and is the antithesis of what Congress mandated that health plans must do in the FFCRA and CARES Act.

28. Defendants have a duty to acknowledge and promptly adjudicate claims, in addition to their duties to engage in good faith and fair dealing with regard to the relationships that exist between Defendants and Plaintiff. Defendants have breached these duties and Plaintiff has suffered damages.

### **COUNT ONE**

### **(Breach of Contract)**

29. Plaintiff repeats and realleges each of the allegations contained in this Complaint as if fully set forth herein.

30. The agreement between Plaintiff and Defendants for Plaintiff to provide laboratory services to Defendants subscribers/members constitutes a valid and binding contract between

Plaintiff and Defendants (the "Contract").

31. Plaintiff has performed all its obligations under the Contract, including without limitation properly submitting claims to Defendants as required by the Contract, and has not breached any of the terms therein.

32. Moreover, Plaintiff is the "authorized representative" for each subscriber/member of Defendants' insurance plans under 29 C.F.R. § 2560.503-1(b)(4).

33. Pursuant to the Contract, Plaintiff was, among other things, entitled to have its claims for services rendered to Defendants' subscribers/members processed and paid promptly by Defendants.

34. Instead, Defendants repeatedly breached the Contract by either failing to respond at all to properly submitted claims or, for those claims in which Defendants did choose to respond, regularly refusing to pay and/or underpaying claims submitted by Plaintiff for reasons that were (and remain) entirely groundless.

35. Because of Defendants' myriad breaches of the Contract, Plaintiff has been deprived of compensation to which it is contractually (and otherwise) entitled.

36. Defendants' failure to pay Plaintiff as required under the Contract (and applicable law) has caused damages to Plaintiff in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics, demands judgment of Defendants jointly and severally for the following relief:

A. Compensatory damages;

B. Liquidated damages;

C. Reasonable legal fees and costs;

D. Costs of litigation; and

E. Such other and further relief as may be deemed just and equitable.

## COUNT TWO

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

37. Plaintiff repeats and realleges each of the allegations contained in this Complaint as if fully set forth herein.

38. The Contract constitutes valid and binding contract between Plaintiff and Defendants.

39. Implied in all contracts is a covenant of good faith and fair dealing.

40. Defendants' acts and/or omissions, including but not limited to, its failure and/or refusal to respond at all to properly submitted claims or, for those claims in which Defendants did choose to respond, regularly refusing to pay and/or underpaying claims submitted by Plaintiff for reasons that were (and remain) entirely groundless, breached this implied covenant.

41. This breach has caused Plaintiff damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics, demands judgment of Defendants, jointly and severally, for the following relief:

A. Compensatory damages;

B. Liquidated damages;

C. Reasonable legal fees and costs;

D. Costs of litigation; and

E. Such other and further relief as may deemed just and equitable.

## COUNT THREE

### (Fraudulent and Negligent Misrepresentation; Equitable and Promissory Estoppel)

42. Plaintiff repeats and realleges each of the allegations contained in this Complaint as if fully set forth herein.

10

43. Plaintiff reasonably relied upon the representations and course of conduct between Defendants and Plaintiff. Specifically, Defendants made payments to the Plaintiff causing Plaintiff to reasonably believe that Defendants would continue to pay for services rendered.

44. Plaintiff's reliance on Defendants' misrepresentations was reasonable and justified.

45. As a result, Defendants are precluded, both at law and in equity, from asserting rights which might have existed against Plaintiff because Plaintiff in good faith relied upon Defendants' representations and the parties' course of dealing, and Plaintiff was induced to adversely change its position because Plaintiff provided testing services to Defendants subscribers and/or members under the belief that it would be compensated by Defendants when it performed such services.

46. Moreover, Defendants are precluded, both at law and in equity, from asserting rights which might have existed against Plaintiff because Plaintiff in good faith relied upon and expected Defendants to comply with their payment obligations, and Plaintiff was induced to adversely change its position because Plaintiff provided testing services to Defendants' subscribers and/or members and received some payments from the Defendant which induced Plaintiff to believe that it would be compensated in full by Defendants when it performed such services.

47. Defendants have demonstrated, over several years, that they do not intend to reimburse Plaintiff for providing testing services for Defendants' subscribers and/or members in accordance with Defendants' own reimbursement standards and protocols.

48. Defendants' practice of inducing Plaintiff to provide testing services to Defendants' subscribers and/or members, Defendants' refusal to pay/underpay for these services, and their improper practice of providing reimbursement for services at amounts far below those required by Defendants' own policies and protocols, is intentional, willful, and malicious.

49. Defendants have therefore fraudulently induced Plaintiff to perform testing services for Defendants' subscribers and/or members, for which Defendants have no intention to pay, and

for which Defendants, in fact, did not pay, or paid at amounts far below those required by Defendants' own policies and protocols.

50. Thus, Defendants are also precluded from repudiating their payment and other contractual and statutory obligations because to do so would be violative of the demands of justice and good conscience, whether such failure arose by silence or omission where one has a duty to speak or act.

51. By failing to pay Plaintiff the usual, customary, and reasonable charges for its professional services, in accordance with Defendants' own reimbursement standards and protocols, Defendants breached both their obligation to reimburse Plaintiff for providing testing services for Defendants' subscribers and/or members.

52. As a result, Defendants are liable to Plaintiff for damages in an amount to be determined at the trial.

**WHEREFORE**, Plaintiff Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics, demands judgment of Defendants, jointly and severally, for the following relief:

A. Compensatory damages;

B. Reasonable legal fees and costs;

C. Costs of litigation; and

D. Such other and further relief as may be deemed just and equitable.

## COUNT FOUR

### (Unjust Enrichment)

53. Plaintiff repeats and realleges each of the allegations contained in this Complaint as if fully set forth herein.

54. In performing testing services for Defendants' subscribers and/or members, for which Defendants have no intention to pay, and for which Defendants, in fact, did not pay, or paid at amounts far below those required by Defendants' own policies and protocols, Plaintiff conferred

12

a benefit upon Defendants' subscribers and/or members and, therefore, upon Defendants.

55. Defendants have enriched themselves at Plaintiff's expense by failing and refusing to pay Plaintiff funds for having provided testing services to Defendants' subscribers and/or members and instead using those funds for Defendants' own purposes.

56. It is against equity and good conscience to permit Defendants to retain the money it wrongfully failed to pay to Plaintiff.

57. Plaintiff is therefore entitled to recover all funds it is owed for providing testing services that Defendants wrongfully failed to pay to Plaintiff.

**WHEREFORE**, Plaintiff Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics, demands judgment of Defendants, jointly and severally, for the following relief:

A. Compensatory damages;

B. Reasonable legal fees and costs;

C. Costs of litigation; and

D. Such other and further relief as may be deemed just and equitable.

**JOSHUA COHEN, ESQUIRE**
*Attorneys for Plaintiff Abira Medical Laboratories d/b/a Genesis Diagnostics*

*/s/ Joshua Cohen*
Joshua Cohen, Esq.

Dated: December 11, 2023

Joshua Cohen, Esquire
Identification No. 330855
Abira Medical Laboratories, LLC
d/b/a Genesis Diagnostics
957 Route 33/ Suite 12/ #322
Hamilton Square, New Jersey 08690
T: (609) 339-7153
jcohen@genesisdx.com
*Counsel for Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics*

**UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| ABIRA MEDICAL LABORATORIES, LLC D/B/A GENESIS DIAGNOSTICS | : : : : | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
|---|---|---|
| *Plaintiffs* | : : | VERIFIED COMPLAINT |
| vs. | : : | CASE NO. |
| COMMUNITY INSURANCE COMPANY D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD; AND THEIR AFFILLIATES, ABC COMPANIES 1-100 AND JOHN DOES 1-100 | : : : : : : : | |
| | : : : | *Jury Trial* |
| *Defendants* | : : | |

## JURY DEMAND

Plaintiff hereby demands a Trial by Jury as to all issues so triable.

                **JOSHUA COHEN, ESQUIRE**
                *Attorneys for Plaintiff Abira Medical*
                *Laboratories d/b/a Genesis Diagnostics*

                */s/ Joshua Cohen*
                Joshua Cohen, Esq.

Date: December 11, 2023

Joshua Cohen, Esquire
Identification No. 330855
Abira Medical Laboratories, LLC
d/b/a Genesis Diagnostics
957 Route 33/ Suite 12/ #322
Hamilton Square, New Jersey 08690
T: (609) 339-7153
jcohen@genesisdx.com
*Counsel for Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics*

**UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ABIRA MEDICAL LABORATORIES, LLC D/B/A GENESIS DIAGNOSTICS | : : : : | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
| *Plaintiffs* | : : | VERIFIED COMPLAINT |
| vs. | : : | CASE NO. |
| COMMUNITY INSURANCE COMPANY D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD; AND THEIR AFFILLIATES, ABC COMPANIES 1-100 AND JOHN DOES 1-100 | : : : : : : | |
| | : : : | *Jury Trial* |
| *Defendants* | : : | |

## **VERIFICATION**

I, Abraham Miller, Vice President of Research & Development for Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics, hereby verifies that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

*Signed under the pains and penalties of perjury this 6th day of December, 2023.*

_____
Abraham Miller, Vice President
of Research and Development for
Abira Medical Laboratories, LLC
d/b/a Genesis Diagnostics

15

Joshua Cohen, Esquire
Identification No. 330855
Abira Medical Laboratories, LLC
d/b/a Genesis Diagnostics
957 Route 33/ Suite 12/ #322
Hamilton Square, New Jersey 08690
T: (609) 339-7153
jcohen@genesisdx.com
*Counsel for Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics*

## UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABIRA MEDICAL LABORATORIES, LLC D/B/A GENESIS DIAGNOSTICS | : : : | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
| *Plaintiffs* | : : | VERIFIED COMPLAINT |
| vs. | : : | CASE NO. |
| ANTHEM BLUE CROSS AND BLUE SHIELD OF VIRGINA; ANTHEM HEALTH PLANS OF VIRGINIA, INC.; BLUE CROSS AND BLUE SHIELD AND THEIR AFFILLIATES, ABC COMPANIES 1-100 AND JOHN DOES 1-100 | : : : : : : : : | |
| | : : | *Jury Trial* |
| *Defendants* | : : : | |

## RULE 7.1 STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, the undersigned counsel for the Plaintiff, Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics (a private non-governmental corporation) certifies the following:

[a]   There are no corporate affiliates, subsidiaries, and/or parent corporation and any publicly held corporation owning 10% or more of the stock of the Plaintiff, a non-governmental corporate party.

16

[b] To the extent jurisdiction in this action is based upon diversity of citizenship under 28 U.S.C. § 1332(a), the owners of Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics are citizens of the State of New Jersey.

DATE: <u>December 11, 2023</u>_____     <u>Joshua Cohen</u>_____
*Counsel for the Plaintiff*

__330855_____
*Attorney Bar Number*